**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 13** |
| **PHILIP BUTLER GROGGINS,** | ) | |
| | ) | |
| Debtor. | ) | **CASE NO. 14-71033** |

_____

### OPINION AND ORDER GRANTING CONVERSION OF
### CASE TO CHAPTER 7

The Debtor, *pro se*, filed a voluntary petition under Chapter 13 of the Bankruptcy Code in this Court on July 23, 2014. On August 14, 2014, the case was dismissed pursuant to 11 U.S.C. § 109(g)(1), and the Debtor was barred from filing any new bankruptcy petition in this Court for a period of 180 days. The Debtor filed a Motion to Reconsider Dismissal on August 20, 2014, and the Court held a hearing on September 8, 2014. By Order dated September 9, 2015, the Court granted the Debtor's Motion to Reconsider Dismissal and reinstated the Debtor's case. Although the first confirmation hearing was held on November 10, 2014, confirmation on the Debtor's plan has been continued several times, in part to allow the Court to track the status of the Debtor's sentencing in his criminal case which was pending in the United States District Court for the Western District of Virginia at the time of the confirmation hearings. A plan has yet to be confirmed in this case.

On May 29, 2015, the Chapter 13 Trustee ("Trustee") filed a Motion to Convert Case to Chapter 7 ("Motion") pursuant to 11 U.S.C. § 1307(c), alleging that the Debtor will not be able to continue in Chapter 13, in part, because the Debtor has been sentenced to twenty-seven (27) months imprisonment after having pleaded guilty to one count each of willful failure to collect or pay over taxes pursuant to 26 U.S.C. § 2702 and bankruptcy fraud pursuant to 18 U.S.C. §

152(3). *See* Trustee's Ex. 9. In addition, the Trustee contends the Debtor has yet to propose any viable means for addressing the second mortgage of Union First Market Bank which encumbers the Debtor's residence. Trustee's Mot. ¶ 5. The Trustee further contends a Chapter 7 trustee is better suited to handle a liquidation of the Debtor's assets than a Chapter 13 trustee, particularly given the Debtor's *pro se* status and impending incarceration, because the Chapter 13 trustee's ability to liquidate assets is constrained by 11 U.S.C. § 1303. *Id.* ¶ 6-7. Finally, the Trustee also contends that additional considerations, such as (a) the Debtor's plea of guilty to bankruptcy fraud, (b) the Debtor's omission of an insurance policy asset in his prior bankruptcy, and (c) the allegations of withdrawals from an undisclosed, pledged securities account as set forth in an adversary proceeding filed by Union First Market Bank, all support conversion of this case to one under Chapter 7 of the Bankruptcy Code. *Id.* ¶ 8.

The Debtor filed a Response on June 19, 2015, acknowledging that he has been sentenced to 27 months of incarceration in federal prison, but stating his belief that he only expects to serve between 8-12 months. Debtor's Resp. at 1. In addition, the Debtor asserts that he has set aside sufficient funds to keep all of his plan payments current during his incarceration, and that his daughter has Power of Attorney and will be able to make payments on his behalf. *Id.* The Debtor also asserts that should he choose to subdivide his property, it would be imperative that the Debtor play a role in the subdivision and sale because he has owned the property for thirty years. *Id.* The Debtor avers that a Chapter 7 liquidation would not be in the best interests of the creditors, the Court, or his family. *Id.* at 1-2.

The Court held a hearing on the Trustee's Motion and the Debtor's Response on June 22, 2015. The Trustee presented evidence in support of his Motion, including calling the Debtor to

testify. The Debtor also testified in opposition to the Motion, after which this matter was taken under advisement.

> 11 U.S.C. § 1307(c) provides:
>
> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
> (3) failure to file a plan timely under section 1321 of this title;
> (4) failure to commence making timely payments under section 1326 of this title;
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
> (6) material default by the debtor with respect to a term of a confirmed plan;
> (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
> (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521 (a);
> (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521 (a); or
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c). Bankruptcy courts have "broad discretion" in determining whether cause exists to convert a case from Chapter 13 to one under Chapter 7 under Section 1307(c). *See, e.g.*, *Bulmer v. Bulmer*, No. WDQ-13-1578, 2014 WL 823659, at *7 (D. Md. Feb. 28, 2014) (quoting *Jackson v. United States*, 131 F.3d 134, at *4 (4th Cir. 1997)).

3

In the instant case, nearly ten months have passed between the date that the Debtor filed his bankruptcy petition and the date of the hearing on the Motion. The Debtor has failed to obtain a confirmable plan during this time, and it appears unlikely that the Debtor would be able to do so if he remained in Chapter 13. The Debtor testified that he works at a health food store in Daleville, Virginia, and makes about $500.00 per month. In addition, he has supplemental income from renters of a horse barn on his property, and his daughter and her husband live with him and pay rent. He also expects to rent the upstairs of his house to another tenant. The Debtor's projected monthly income in total roughly approximates the monthly mortgage payment to his first mortgage holder of $1,432.00. The Debtor has no significant excess income over that monthly mortgage payment.

The Debtor's most recently filed amended plan (Dkt. No. 94), although docketed as an "Amended Chapter 13 Plan," is not actually a Chapter 13 plan at all; rather, it is a one page document which details how the Debtor intends to make his monthly plan payments to the Trustee during the period of his incarceration. Further, as the Trustee argued at the hearing on June 22, 2015, the "plan" does not include any provision for the treatment of Union First Market Bank's claim, which, based on the proof of claim filed in this case, is $832,174.99. $526,400.49 of the claim is filed as secured, and $305,774.50 is listed as unsecured. Trustee's Ex. 4.[1] Accordingly, the Court finds that cause exists to convert the case to Chapter 7 because the

---

[1] The Debtor contends he has made no provision for Union First Market Bank's claim, because it is the residual balance owing from several commercial loans that were foreclosed and he has not obtained an accounting of how the balance owing to Union First Market Bank was determined. The record in this case reflects no claim objections filed by the Debtor or any other efforts by the Debtor to determine the balance owing to Union First Market Bank, and the Debtor testified he has sought no information from the Commissioners of Accounts charged with auditing such sales at the state level, despite the foreclosures having occurred in 2011. *See* Va. Code Ann. § 64.2-1309A (2012) ("Within six months after the date of a sale made under any recorded deed of trust, mortgage, or assignment for benefit of creditors, other than under a decree, the trustee shall return an account of the sale to the commissioner of accounts of the circuit court where the instrument was first recorded.").

4

Debtor's inability to file a confirmable plan constitutes "an unreasonable delay . . . that is prejudicial to creditors." *See* 11 U.S.C. § 1307(c)(1); *see also Bulmer*, 2014 WL 823659, at *7 (upholding the bankruptcy court's finding of unreasonable delay and conversion of the case from Chapter 13 to Chapter 7, in part because the debtor had failed to file a confirmable plan in six months and it appeared unlikely that the debtor would be able to file any confirmable plan); *In re Sawyer*, No. 3:05-CV-00644-HEH, 2005 WL 5864795, at *5 (E.D. Va. Nov. 25, 2005) (upholding the bankruptcy court's finding of unreasonable delay and conversion of the case from Chapter 13 to Chapter 7, in part because the debtor failed to file a confirmable plan in eight months even though she was given numerous opportunities to do so, and because the debtor "gave no indication that she would actually file a confirmable plan").

Further, the Court finds that conversion of this case is in the best interests of the creditors and the estate. The Debtor owns real property which is listed on his Amended Schedule A as having a value of $1,200,000.00. At the hearing on June 22, 2015, the Debtor testified that, in his opinion, if this property were to be subdivided, the value could be as high as $1,800,000.00.[2] On his Amended Schedule D, the Debtor provides that the amount of the secured claims on the property total $325,000.00, which is made up of the $325,000.00 first mortgage, and an "unknown" claim of Union First Market Bank.[3] Therefore, there may be equity of an undetermined amount in the Debtor's real property at present and, given the fact that the Debtor is proceeding *pro se*, the "appointment of a disinterested Chapter 7 trustee would facilitate final resolution of the case." *Bulmer*, 2014 WL 823659, at *8 (citing to *In* re *Jensen,* 425 B.R. 105,

---

[2] Given his length of ownership and knowledge of the property, the Debtor contends he is the best person to subdivide it. He further contends that if he can maintain the *status quo* while he is incarcerated, he can do so successfully upon his release from prison. The Court finds this to be speculation at best.

[3] In addition to its claim partially secured by the Debtor's residence, the claims register reflects that Union First Market Bank has also filed two separate unsecured claims for $129,767.17 and $1,672,851.60, respectively.

111 (Bankr. S.D.N.Y. 2010) (finding conversion from Chapter 13 to Chapter 7 appropriate because debtor had potentially valuable assets and, in light of debtor's unreasonable delays, appointment of a disinterested trustee would ensure their prompt liquidation); *Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 948, 951 (B.A.P. 2d Cir. 1998) (affirming conversion when, *inter alia*, the debtor "persisted in delaying the sale of property, the proceeds of which were to be used to pay creditors")).

Accordingly, for all of the foregoing reasons, and for good cause shown, it is

ORDERED that the Chapter 13 Trustee's Motion to Convert Case to Chapter 7 is granted and this case shall be, and hereby is, converted to one under Chapter 7 of the Bankruptcy Code. It is further

ORDERED that the Chapter 13 Trustee shall file with the Court a final report and account within thirty (30) days from the date of the entry of this Order. Said report shall include a schedule of unpaid debts incurred after commencement of the superseded case. Said report shall also include the name, address and zip code in MATRIX form of all such additional creditors. It is further

ORDERED that the Chapter 13 Trustee shall be discharged from any further liability upon his bond if no objections to said report are properly filed within fourteen (14) days of the filing of said report.

The Clerk is directed to send a copy of this Order to the Debtor, Chapter 13 Trustee, the Office of the United States Trustee, and all creditors on the mailing matrix.

ENTERED this 24th day of June, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE